# Exhibit A

ORIGINAL

**SUMMONS** **BY FAX**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** INTERSTATE HOTELS & RESORTS, INC., a
*(AVISO AL DEMANDADO):* Delaware corporation; INTERSTATE
MANAGEMENT COMPANY, LLC, a Delaware corporation; and DOES 1
through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** DINA RAE RICHARDSON
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the Information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Francisco
400 McAllister Street
San Francisco, California 94102

CASE NUMBER:
*(Número del Caso)*
CGC 16-554468

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matern Law Group, PC
1230 Rosecrans Avenue, Suite 200, Manhattan Beach, CA 90266    (310) 531-1900

DATE: SEP 23 2016    Clerk, by DE LA VEGA NAVARRO, Rossaly , Deputy
*(Fecha)*                   *(Secretario)*                                   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

ORIGINAL

MATERN LAW GROUP, PC
MATTHEW J. MATERN (SBN 159798)
LAUNA ADOLPH (SBN 227743)
DEANNA S. LEIFER (SBN 265840)
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Tel: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiff Dina Rae Richardson, individually and on behalf of all others similarly situated

FILED
San Francisco County Superior Court
SEP 23 2016
CLERK OF THE COURT
BY: _____ Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| DINA RAE RICHARDSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INTERSTATE HOTELS & RESORTS, INC., a Delaware corporation; INTERSTATE MANAGEMENT COMPANY, LLC, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. CGC 16-554468<br><br>**CLASS ACTION**<br><br>**COMPLAINT:**<br><br>1. Failure to Provide Meal Periods<br>2. Failure to Authorize and Permit Rest Periods<br>3. Failure to Pay Minimum Wages<br>4. Failure to Pay Overtime Wages<br>5. Failure to Pay All Wages Due to Discharged and Quitting Employees<br>6. Failure to Furnish Accurate Itemized Wage Statements<br>7. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties<br>8. Unfair and Unlawful Business Practices<br><br>**DEMAND FOR JURY TRIAL** |

BY FAX

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

1

CLASS ACTION COMPLAINT

PLAINTIFF DINA RAE RICHARDSON ("PLAINTIFF"), individually and on behalf of all others similarly situated, hereby alleges as follows:

## INTRODUCTION

1. PLAINTIFF brings this action on behalf of herself and all other similarly-situated current and former non-exempt employees of defendants INTERSTATE HOTELS & RESORTS, INC. ("INTERSTATE HOTELS"); INTERSTATE MANAGEMENT COMPANY, LLC ("INTERSTATE MANAGEMENT"); and DOES 1 through 50 inclusive (collectively, "DEFENDANTS") who worked at a Sheraton hotel in the State of California during the relevant statutory period to recover, among other things, unpaid compensation arising from DEFENDANTS' failure to provide employees meal and rest periods (or compensation therefor) as required under California law, unpaid overtime compensation, unpaid minimum wage, and unreimbursed business expenses. PLAINTIFF also seeks penalties, interest, attorneys' fees, costs and expenses, and equitable, restitutionary and injunctive relief.

## JURISDICTION AND VENUE

2. The Superior Court of the State of California has jurisdiction in this matter because PLAINTIFF is a resident of the State of California, and DEFENDANTS are qualified to do business in California and regularly conduct business in California. Further, no federal question is at issue because the claims are based solely on California law.

3. Venue is proper in this judicial district and the County of San Francisco, California because PLAINTIFF, and other persons similarly situated, performed work for DEFENDANTS in the County of San Francisco, DEFENDANTS maintain offices and facilities and transact business in the County of San Francisco, and DEFENDANTS' illegal policies and practices which are the subject of this action were applied, at least in part, to PLAINTIFF and other persons similarly situated in the County of San Francisco.

## THE PARTIES

4. PLAINTIFF is a resident of the State of California and a former employee of DEFENDANTS.

5. PLAINTIFF brings this action on behalf of herself and the following similarly situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt employees of DEFENDANTS who worked at a Sheraton hotel in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment (the "CLASS PERIOD"). PLAINTIFF reserves the right to name additional class representatives.

6. PLAINTIFF is informed and believes, and thereon alleges, that INTERSTATE HOTELS is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Delaware. PLAINTIFF is further informed and believes, and thereon alleges, that INTERSTATE HOTELS is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, INTERSTATE HOTELS maintains offices and facilities, conducts business, and engages in illegal practices in the County of San Francisco.

7. PLAINTIFF is informed and believes, and thereon alleges, that INTERSTATE MANAGEMENT is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Delaware. PLAINTIFF is further informed and believes, and thereon alleges, that INTERSTATE MANAGEMENT is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, INTERSTATE MANAGEMENT maintains offices and facilities, conducts business, and engages in illegal practices in the County of San Francisco.

8. The true names and capacities of DOES 1 through 50, inclusive, are unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such DOE defendants under fictitious names. PLAINTIFF is informed and believes, and thereon alleges, that each defendant designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFF and CLASS MEMBERS' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE defendants. PLAINTIFF will seek leave of the Court to amend this Complaint to allege their true names and capacities of such DOE defendants when ascertained.

ATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

3   CLASS ACTION COMPLAINT

9.  At all relevant times herein, DEFENDANTS were the joint employers of PLAINTIFF and CLASS MEMBERS. PLAINTIFF is informed and believes, and thereon alleges, that at all times material to this complaint DEFENDANTS were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other. Each defendant was completely dominated by his, her or its co-defendant, and each was the alter ego of the other.

10. At all relevant times herein, PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFF and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to pay overtime premiums; failing to provide rest and meal periods; failing to provide accurate itemized statements for each pay period; failing to properly compensate PLAINTIFF and CLASS MEMBERS for necessary expenditures; and requiring, suffering or permitting employees to work off the clock, in violation of the California Labor Code and the applicable Industrial Welfare Commission ("IWC") Wage Order.

11. PLAINTIFF is informed and believes, and thereon alleges, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

12. As a direct and proximate result of DEFENDANTS' unlawful actions, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

///

///

ATKIN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

4    CLASS ACTION COMPLAINT

## CLASS ACTION ALLEGATIONS

13. This action is appropriately suited for a class action because:

   a. The potential class is of a significant number. Joinder of all current and former employees individually would be impracticable.

   b. This action involves common questions of law and fact because the action focuses on DEFENDANTS' systematic course of illegal conduct, which is applied to all non-exempt employees in violation of the Labor Code, the applicable IWC Wage Order, and the Business and Professions Code which prohibits unfair business practices arising from such violations.

   c. PLAINTIFF's claims are typical of the claims of the class because DEFENDANTS subjected all non-exempt employees to the same violations of the Labor Code, the applicable IWC Wage Order, and the Business and Professions Code.

   d. PLAINTIFF will fairly and adequately protect the interests of all CLASS MEMBERS.

## FIRST CAUSE OF ACTION
### Failure to Provide Meal Periods
[Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 5-2001 § 11]
(Against all DEFENDANTS)

14. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 13.

15. During the CLASS PERIOD, DEFENDANTS had, and continue to have, a policy and practice of failing to provide PLAINTIFF and CLASS MEMBERS full and timely meal periods as required by California Labor Code §§ 226.7 and 512 and IWC Wage Order No. 5-2001 § 11.

16. As a result of DEFENDANTS' policies and practices as alleged herein, PLAINTIFF and CLASS MEMBERS regularly have been denied, and continue to be denied, the opportunity to take full, uninterrupted, and timely meal periods as required under California Labor Code §§ 226.7 and 512 and IWC Wage Order No. 5-2001 § 11.

ATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
ANHATTAN BEACH, CA
90266

5

CLASS ACTION COMPLAINT

17. DEFENDANTS violated, and continue to violate, California Labor Code § 226.7 and IWC Wage Order No. 5-2001 § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

18. As a direct and proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount according to proof at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief due to DEFENDANTS' violation of the California Labor Code and IWC Wage Order No. 5-2001.

## SECOND CAUSE OF ACTION

### Failure to Authorize and Permit Rest Periods

[Cal. Labor Code § 226.7; IWC Wage Order No. 5-2001 § 12]

(Against all DEFENDANTS)

19. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 18.

20. During the CLASS PERIOD, DEFENDANTS had, and continue to have, a policy and practice of failing to authorize and permit PLAINTIFF and CLASS MEMBERS to take rest breaks as required by California Labor Code § 226.7 and IWC Wage Order No. 5-2001 § 12. As a result of DEFENDANTS' policies and practices as alleged herein, PLAINTIFF and CLASS MEMBERS regularly have been denied, and continue to be denied, the opportunity to take full, uninterrupted, and timely rest periods as required under California Labor Code § 226.7 and IWC Wage Order No. 5-2001 § 12.

21. DEFENDANTS violated, and continue to violate, California Labor Code § 226.7 and IWC Wage Order No. 5-2001 § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

ATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

6    CLASS ACTION COMPLAINT

22. As a direct and proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount according to proof at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief due to DEFENDANTS' violation of the California Labor Code and IWC Wage Order No. 5-2001.

### THIRD CAUSE OF ACTION

**Failure to Pay Minimum Wages**

**[Cal Labor Code §§ 1194, 1197; IWC Wage Order No. 5-2001 § 4]**

**(Against all DEFENDANTS)**

23. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 22.

24. Pursuant to California Labor Code §§ 1194 and 1197 and IWC Wage Order No. 5-2001 § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

25. During the CLASS PERIOD, DEFENDANTS failed to pay, and continue to fail to pay, PLAINTIFF and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, suffering, or permitting PLAINTIFF and CLASS MEMBERS to work off-the-clock; requiring, suffering, or permitting PLAINTIFF and CLASS MEMBERS to work through meal breaks; illegally and inaccurately recording time worked by PLAINTIFF and CLASS MEMBERS; failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period; and other methods to be discovered.

26. DEFENDANTS' conduct described herein violates, and continue to violate, California Labor Code §§ 1194 and 1197 and IWC Wage Order No. 5-2001 § 4. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194 and 1197.1 and other applicable provisions under the Labor Code and IWC Wage Order, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid

ATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
ANHATTAN BEACH, CA
90266

7   CLASS ACTION COMPLAINT

balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FOURTH CAUSE OF ACTION

### Failure to Pay Overtime Wages

### [Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 5-2001 § 3]

### (Against all DEFENDANTS)

27. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 26.

28. Pursuant to California Labor Code §§ 510 and 1194 and IWC Wage Order No. 5-2001 § 3, DEFENDANTS are required to compensate PLAINTIFF and CLASS MEMBERS for all overtime at a rate of one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday and at a rate of twice the regular rate of pay for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

29. PLAINTIFF and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510 and 1194 and IWC Wage Order No. 5-2001. During the CLASS PERIOD, DEFENDANTS failed to compensate, and continue to fail to compensate, PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) times or double the regular rate of pay as provided by California Labor Code §§ 510 and 1194 and IWC Wage Order No. 5-2001 § 3; requiring, suffering or permitting PLAINTIFF and CLASS MEMBERS to work off-the-clock; requiring, suffering or permitting PLAINTIFF and CLASS MEMBERS to work through meal breaks; illegally and inaccurately recording time worked by PLAINTIFF and CLASS MEMBERS; failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period; and other methods to be discovered.

ATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

8                                   CLASS ACTION COMPLAINT

30. In violation of California law, DEFENDANTS knowingly and willfully refused, and continue to refuse, to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS for all wages earned and all hours worked. As a direct and proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, resulting in damages in amounts according to proof at time of trial and within the jurisdiction of this Court.

31. DEFENDANTS' conduct described herein violated, and continues to violate, California Labor Code §§ 510, 1194 and 1198 and IWC Wage Order No. 5-2001 § 3. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194 and 1197.1 and other applicable provisions under the California Labor Code and IWC Wage Order, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FIFTH CAUSE OF ACTION

### Failure to Pay All Wages Due to Discharged and Quitting Employees

[Cal. Labor Code §§ 201, 202, 203]

(Against all DEFENDANTS)

32. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 31.

33. Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to discharged and quitting employees.

34. California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately. Pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or wages at the time of quitting.

ATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
ANHATTAN BEACH, CA
90266

9    CLASS ACTION COMPLAINT

35. California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

36. During the CLASS PERIOD, DEFENDANTS have willfully failed to pay, and continue to willfully fail to pay, accrued wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with California Labor Code §§ 201 and 202.

37. As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies.

## SIXTH CAUSE OF ACTION

### Failure to Furnish Accurate Itemized Wage Statements

### [Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 5-2001 § 7]

### (Against all DEFENDANTS)

38. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 37.

39. During the CLASS PERIOD, DEFENDANTS routinely failed to provide, and continue to fail to provide, PLAINTIFF and CLASS MEMBERS with timely and accurate itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity or entities employing PLAINTIFF and CLASS MEMBERS, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order No. 5-2001 § 7.

40. During the CLASS PERIOD, PLAINTIFF and CLASS MEMBERS suffered injury, and continue to suffer injury, as a result of DEFENDANTS' failure to provide timely and accurate itemized wage statements, as PLAINTIFF and CLASS MEMBERS could not promptly and easily determine from the wage statement alone one or more of the following: the gross wages earned, the total hours worked, all deductions made, the net wages earned, the name and

ATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
ANHATTAN BEACH, CA
90266

10    CLASS ACTION COMPLAINT

address of the legal entity or entities employing PLAINTIFF and CLASS MEMBERS, and/or all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate.

41. As a direct and proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have suffered actual damages in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS MEMBERS are entitled to an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## SEVENTH CAUSE OF ACTION

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties**

**[Cal. Labor Code § 2802]**

**(Against all DEFENDANTS)**

42. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 41.

43. California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of her his or her duties, or of his or her obedience to the directions of the employer.

44. During the CLASS PERIOD, DEFENDANTS failed to indemnify, and continue to fail to indemnify, PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS in violation of California Labor Code § 2802.

45. As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b). Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable

ATKIN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

11     CLASS ACTION COMPLAINT

attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

## EIGHTH CAUSE OF ACTION

### Unfair and Unlawful Business Practices

### [Cal. Bus. & Prof. Code § 17200, et seq.]

### (Against all DEFENDANTS)

46. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 45.

47. Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure to provide required meal periods, DEFENDANTS' failure to authorize and permit rest periods, DEFENDANTS' failure to pay overtime compensation, DEFENDANTS' failure to pay minimum wages, DEFENDANTS' failure to pay all wages due to discharged and quitting employees, DEFENDANTS' failure to furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to maintain required records, and DEFENDANTS' failure to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurred in discharging their duties, constitute unfair and unlawful business practices under California Business and Professions Code § 17200, et seq.

48. DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

49. DEFENDANTS have avoided payment of minimum wages, overtime wages, meal period premiums, rest break premiums, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

ATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
ANHATTAN BEACH, CA
90266

12    CLASS ACTION COMPLAINT

50.  As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFF, CLASS MEMBERS, and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

51.  DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to an order that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but within the jurisdiction of this Court.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, individually and on behalf of all other persons similarly situated, respectfully prays for relief against DEFENDANTS, and each of them, as follows:

1.  For compensatory damages in an amount to be ascertained at trial;
2.  For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as disgorged profits from DEFENDANTS' unfair and unlawful business practices;
3.  For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 5-2001;
4.  For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;
5.  For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wage Orders and from engaging in the unlawful business practices complained of herein;
6.  For waiting time penalties pursuant to California Labor Code § 203;
7.  For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, and 2802, California Civil Code §§ 3287 and 3288, and/or any other applicable provision providing for pre-judgment interest;

ATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
ANHATTAN BEACH, CA
90266

13    CLASS ACTION COMPLAINT

8. For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194 and 2802, California Civil Code § 1021.5, and any other applicable provisions providing for attorneys' fees and costs;

9. For declaratory relief;

10. For an order certifying this Action as a class action;

11. For an order appointing PLAINTIFF as class representative and PLAINTIFF's counsel as class counsel; and

12. For such further relief that the Court may deem just and proper.

DATED: September 21, 2016

Respectfully submitted,

MATERN LAW GROUP, PC

By: _____
MATTHEW J. MATERN
LAUNA ADOLPH
DEANNA S. LEIFER
Attorneys for Plaintiff DINA RAE RICHARDSON, individually and on behalf of all others similarly situated

## DEMAND FOR JURY TRIAL

PLAINTIFF, individually and on behalf of all others similarly situated, hereby demands a trial by jury on all issues so triable.

DATED: September 21, 2016

Respectfully submitted,

MATERN LAW GROUP, PC

By: *[signature]*
MATTHEW J. MATERN
LAUNA ADOLPH
DEANNA S. LEIFER
Attorneys for Plaintiff DINA RAE RICHARDSON, individually and on behalf of all others similarly situated

**ORIGINAL FILED**
San Francisco County Superior Court
SEP 23 2016
CLERK OF THE COURT
BY: _____ Deputy Clerk

CM-010

**BY FAX**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Matthew J. Matern   SBN: 159798 | |
| Matern Law Group, PC | |
| 1230 Rosecrans Avenue, Suite 200, Manhattan Beach, CA 90266 | |
| TELEPHONE NO.: (310) 531-1900   FAX NO.: (310) 531-1901 | |
| ATTORNEY FOR (Name): Dina Rae Richardson | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited    [ ] Limited | [ ] Counter  [ ] Joinder | CGC-16-554468 |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify):
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 21, 2016

Matthew J. Matern
(TYPE OR PRINT NAME)                          ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition