IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINA RAE RICHARDSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERSTATE HOTELS & RESORTS, INC., and INTERSTATE MANAGEMENT COMPANY, LLC,<br><br>Defendants. | No. C 16-06772 WHA<br><br>**ORDER RE UNOPPOSED *EX PARTE* APPLICATION TO CONTINUE CLASS CERTIFICATION MOTION DEADLINE AND APPOINT INTERIM CLASS COUNSEL** |

On August 1, counsel for plaintiff in this putative class action filed a stipulated request to continue the class certification motion deadline and to engage in private mediation prior to class certification (Dkt. No. 35), as well as an unopposed motion for appointment of interim class counsel (Dkt. No. 36). An order dated August 2 continued the class certification motion deadline from August 17 to September 7 at noon but denied the motion for appointment of interim class counsel "without prejudice to a renewed motion setting forth more cogent reasons for why this case warrants an exception" (Dkt. No. 37). Counsel then filed an "unopposed *ex parte* application" on August 31 requesting (1) a "brief" *sixty-day* continuance of the class certification motion deadline and (2) appointment of interim class counsel (Dkt. No. 39).

With respect to the requested extension, counsel claim the current class certification motion deadline on September 7 constitutes a "crisis" necessitating extraordinary relief because they have not yet acquired deposition testimony "critical" to class certification. Counsel further assert they are "without fault in creating the need for extraordinary relief" because they did not

figure out which witnesses they needed to depose to obtain said testimony until August 17 — the original class certification motion deadline — when they deposed a corporate designee who "did not have sufficient knowledge regarding the noticed topics" (*id.* at 4–7). These garden-variety discovery challenges neither constitute a "crisis" nor absolve counsel of responsibility in creating their current dilemma. The mere fact that counsel failed to prepare for a motion deadline that had already been continued once does not entitle them to extraordinary relief. This order nevertheless **GRANTS** a continuance of the class certification motion deadline from September 7 to **SEPTEMBER 14 AT NOON**. No further requests for extensions will be considered.

With respect to the request for appointment of interim class counsel, and despite recognizing that the August 2 order required "more cogent reasons for why this case warrants an exception," counsel's new *ex parte* application fails to improve upon their prior motion. Counsel insist "[t]he parties have conducted diligent discovery on the merits" but their repeated requests to continue the class certification motion deadline show otherwise. Counsel baldly assert that "the parties are prepared to mediate this matter without discounting the putative class members' claims by the risk that class certification will be denied" but this merely pays lip service to the Court's concerns without offering any meaningful assurance. Counsel mention vague and generic concerns like "the risks, uncertainty, and costs associated with further litigation," but those inhere in every putative class action and justify no special treatment for this one. Counsel note that defendants "seek to limit any interruptions to the hotel's operations as a result of this litigation" but fail to explain how that relates to the Court's concerns. Finally, counsel again tout their own qualifications as proposed interim class counsel. This tactic was unpersuasive on the previously-rejected motion and remains unpersuasive here (*id.* at 7–10). The renewed request for appointment of interim class counsel is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 2, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2