# Morgan Lewis

**Rebecca Licht Jensen**
Associate
+1.310.907.1000
rebecca.jensen@morganlewis.com

November 2, 2017

**VIA ELECTRONIC FILING**
The Honorable William Alsup
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Richardson v. Interstate Hotels & Resorts, Inc., et al.* (Case No. 3:16-cv-6772-WHA)

Dear Judge Alsup:

Defendants Interstate Hotel & Resorts, Inc. and Interstate Management Company, LLC respond to Plaintiff Richardson's discovery dispute letter (Dkt. No. 65, hereafter "Plaintiff's Letter"). Plaintiff cites no legal authority for her unreasonable discovery demands. As detailed below, Plaintiff cannot seek "supplemental" production of RFP Nos. 18 and 19 because it is undisputed that Defendants already produced the agreed upon sample of documents and footnote 1 of Plaintiff's Letter acknowledges that she never served a discovery request for putative class members' personnel files or any unspecified "signed forms" that may or may not exist within each personnel file.

**Time and Payroll Records**

As an initial matter, Plaintiff does not dispute – nor can she – that Defendants fulfilled the agreement to provide a sampling of time and pay records in response to Requests for Production ("RFP") No. 18 (seeking time records) and No. 19 (seeking pay records). In fact, Plaintiff's counsel <u>proposed the sampling *and* selected the pay periods</u>. Exh. 1, 2. Defendants agreed to Plaintiff's proposal and produced the sample records as INTERSTATE 001801 (time records) and 001802 (pay records).

Moreover, a review of the time records shows that each and every one of Plaintiff's six declarants' time and pay records as well as fourteen[1] of Defendants' fifteen declarants' time and pay records were produced within the agreed upon sample.[2] Indeed, Plaintiff's counsel utilized the time records of

---

[1] The remaining declarant, Shon Richardson, is a salaried manager who is <u>not</u> a member of the putative class. *See* Dkt. No. 57-13 (S. Richardson Decl.).

[2] For example, simply by examining the time frame that each of Plaintiff's declarants worked at the Sheraton Fisherman's Wharf Hotel (the "Hotel"), defense counsel easily located time records that were

Morgan, Lewis & Bockius LLP

2049 Century Park East
Suite 700
Los Angeles, CA  90067-3109   ☏ +1.310.907.1000
United States                  📠 +1.310.907.1001

DB2/ 32226008.1

Hon. William Alsup
November 2, 2017
Page 2

*Plaintiff's* declarant Andres Diaz when Plaintiff deposed the Hotel's HR Director, Valerie Coats, on September 7, 2017.  Exh. 3 (Coats Dep., Exhs. 34 and 35); *see also* Exh. 4 (Hirsch Dep. 79:3 – 19 and 81:5-12, referencing Exhs. 34 & 35 (Diaz time records)).  Plaintiff's counsel also utilized *Defendants'* declarant Ramon Marquez's time records at his deposition on October 27, 2017.[3]  Plaintiff has had the sample time and pay records of all putative class member declarants since August 7 (for class list and time records) and August 9, 2017 (for pay records).  Exh. 5.  Now, after receiving an <u>agreed upon</u> sample of time and pay records that Plaintiff proposed and selected, Plaintiff erroneously demands complete time and pay records for "21 putative class members."[4]

**Earnings Statements (Wage Statements)**
Plaintiff claims the declarants' earnings statements are responsive to RFP Nos. 18 and 19, but again, such argument is waived by the undisputed fact that the parties agreed to a sample set.  Plaintiff's complaint appears to be that the pay information was produced in an excel format rather than in individualized "earnings statement" format.  In fact, Plaintiff <u>requested</u> that the sample be produced in electronic format.  Exh. 1 ("Plaintiff proposes that Defendants produce the <u>electronic</u> time and payroll records for the putative class members for one payroll period per calendar quarter…") (emphasis added).  Further, it is unclear why Plaintiff requires earnings statement format when all such information in the earnings statements which were produced in excel file labelled INTERSTATE 001802 (pay records).[5]

Additionally, it is burdensome and time consuming to retrieve these records.  For example, retrieving earnings statements requires Defendants to access multiple systems.  For 2012 to 2014, the statements would have to be pulled from the PC/Payroll for Windows system, which takes 5-10 minutes to pull *each* wage statement (*i.e.*, each pay period) for *each employee*.  The 2015 to 2016 wage statement are accessed from a different ADP platform, were also maintained based on payroll processing week (rather than by employee), and to retrieve these documents requires downloading all payroll weeks, opening each payroll week, pulling the report, searching for the employee, and printing the statements.  Pulling and printing *one employee's* earnings statements for *one year* takes at least 40 minutes.

---

<u>already produced</u> for Plaintiff's six declarants within the agreed upon sample: (i) Andres Diaz (records for 1-1-16 to 1-14-16); (ii) Harold Granados (records for 10-12-12 to 10-25-12); (iii) Nestor Guido (records for 8-28-15 to 9-10-15); (iv) Jie "Karen" Lie (records for 10-12-12 to 10-25-12); (v) Susana Moreno (records for 3-25-16 to 4-7-16); and (vi) Margarita Ventura (records for 3-25-16 to 4-7-16).  Notably, Margarita Ventura twice failed to appear for deposition, so there were no time or pay records "used" as to Ms. Ventura.  *See* Dkt. No. 55-10 (Dep. Certificate of Non-Appearance).

[3] At this time, the Mr. Marquez's deposition transcript has not been completed by the court reporter.

[4] Again, this number should be 20 putative class members because Shon Richardson is an exempt manager whose time and payroll records are not relevant to this case.

[5] Any inquiry by Plaintiff about Defendants' payment of the California break premium penalties is found under Column "AO," which is plainly entitled, "Meal Penalty."  Moreover, footnote 8 of Plaintiff's class certification motion states that Defendants paid "$11,018.09 in total break premiums," so Plaintiff's expert apparently calculated the penalties paid.  *See* Dkt. No. 41 at ECF p. 18 of 28, fn. 8.

Hon. William Alsup
November 2, 2017
Page 3

Lastly, as stated in Defendants' response to Plaintiff's meet and confer letter (Dkt. No. 65-2, Pl.'s Letter, Ex. B), Plaintiff has not advanced a prima facie showing that the class action requirements of FRCP 23 are satisfied as set forth under *Mantolete v. Bolger,* 767 F.2d 1416, 1424 (9th Cir. 1985).[6] By seeking the pay records, including earnings statements, of all declarants, Plaintiff seeks highly confidential compensation information of third parties. Defendants have an obligation to protect this information from disclosure and courts have held that third party employees' privacy interests outweigh any purported relevance. *See Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503, 512–13 (C.D. Cal. 2011) (rejecting request to compel pay information because "privacy interests weigh against providing this information" because "[p]ay check stubs contain more confidential and sensitive information than simply time records or contact information."); *Coleman v. Jenny Craig, Inc.*, No. 11-cv-1301-MMA (DHB), 2013 WL 2896884, at *11 (S.D. Cal. June 12, 2013) (finding "privacy concerns justify withholding from production Defendant's payroll records").

**Signed Forms and Personnel Records**
Defendants disagree that Plaintiff's Exhibit C (Dkt. No. 65-3) is responsive to RFP No. 34 (seeking job descriptions). Exhibit C speaks for itself, and more importantly, is simply a generic acknowledgement form that does not include the actual job description itself. Instead, Defendants produced 856 pages of job descriptions at INTERSTATE 000581 – 01436. In addition to searching through a vast storage warehouse, Plaintiff's demand would further require Defendants to individually review 20 putative class members' records to find unspecified "forms signed by the declarants" (that over broadly includes, for example, signed emergency contact designations, containing private contact information of non-class third parties), and further exemplifies why Plaintiff's case is not suitable for class certification.

Lastly, the privacy of personnel (employment) records are of such paramount importance that California Code of Civil Procedure § 1985.6 statutorily requires employees to be notified if their employment records are subpoenaed to give the employees a right to object to production. Accordingly, if Plaintiff's counsel provides signed authorizations for the release of any of the 20 declarants' complete time and pay records for the alleged class period and/or personnel file, Defendants will produce such records.

Respectfully submitted,

/s/ Rebecca Licht Jensen

Attachments

---

[6] District courts consistently have applied the *Mantolete* standard, requiring that "the plaintiff bear[] the burden of advancing a *prima facie* showing that the class action requirements . . . are satisfied or that discovery is likely to produce substantiation of the class allegations." *See also Johnson v. Sky Chefs, Inc.*, No. C11-05619 LHK, 2013 WL 11079297, at *3 (N.D. Cal. May 24, 2013) (holding that the plaintiffs failed to show that they were entitled to putative class member information prior to class certification, finding that the "vague and unsupported assertion [of relevance to preparation for class certification] does not outweigh the privacy rights of potential class members"); *Vasquez v. P.F. Chang's China Bistro, Inc.*, No. CV 09-01408 DSF, 2009 U.S. Dist. LEXIS 132247 at * 2 (C.D. Cal. Oct. 8, 2009); *Krzesniak v. Cendant Corp.*, 2007 WL 756905, at *1 (N.D. Cal. Mar. 8, 2007).