**MATERN LAW GROUP, PC**
MATTHEW J. MATERN (SBN 159798)
mmatern@maternlawgroup.com
LAUNA ADOLPH (SBN 227743)
ladolph@maternlawgroup.com
KAYVON SABOURIAN (SBN 310863)
ksabourian@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Tel: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiff
DINA RAE RICHARDSON, individually and
on behalf of all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINA RAE RICHARDSON, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> INTERSTATE HOTELS & RESORTS, INC., a Delaware corporation; INTERSTATE MANAGEMENT COMPANY, LLC, a Delaware corporation; and DOES 1 through 50, inclusive, <br><br> Defendants. | CASE NO. 16-cv-06772-WHA <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** <br><br> [Filed concurrently with Declaration of Matthew J. Matern; and [Proposed] Order Granting Preliminary Approval of Class Action Settlement] <br><br> Date:        August 16, 2018 <br> Time:        8:00 a.m. <br> Courtroom:   12 |

## Table of Contents

Page

NOTICE OF MOTION ........................................................................................................ 1

RELIEF SOUGHT ............................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................... 2

I.       INTRODUCTION ..................................................................................................... 2

II.      STATEMENT OF FACTS ........................................................................................ 2

         A.       The Parties ..................................................................................................... 2

         B.       Procedural History ......................................................................................... 3

         C.       Discovery And Investigation ......................................................................... 3

         D.       Settlement Negotiations ................................................................................. 4

III.     THE SETTLEMENT ................................................................................................. 5

         A.       The Classes .................................................................................................... 5

         B.       Settlement Terms ........................................................................................... 5

         C.       The Release .................................................................................................... 7

         D.       Class Notice ................................................................................................... 8

                  1.       Notice To Class Members ................................................................... 8

                  2.       Objections ........................................................................................... 8

IV.      THE SETTLEMENT MEETS THE REQUIREMENTS FOR PRELIMINARY
         APPROVAL …………………………………………………………..………........ 9

         A.       The Maximum Settlement Amount Represents A Substantial Recovery For The
                  Class Members ............................................................................................. 10

                  1.       Unpaid Wages ................................................................................... 10

                  2.       Interest .............................................................................................. 11

                  3.       Penalties ............................................................................................ 11

         B.       The Settlement Was Reached After Informed, Arm's Length Negotiations  And
                  Mediation Conducted By A Magistrate Judge ....................................... 12

         C.       The Settlement Does Not Suffer From Any Obvious Deficiencies ...................... 13

         D.       The Settlement Does Not Provide Preferential Treatment To Plaintiff Or Any
                  Class Member ............................................................................................... 13

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

i

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

E.      The Settlement Falls Within The Range Of Possible Approval ............................ 14

V.      THE COURT SHOULD APPROVE THE PROPOSED CLASS NOTICE...................... 16

VII.    CONCLUSION ............................................................................................................. 18

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

ii

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3

<u>Cases</u>

4

*Alvarado v. Nederend,*
   2011 WL 90228 (E.D. Cal. Jan. 11, 2011) ................................................................. 9

5

*Amaral v. Cintas Corp. No.2,*
   (2008) 163 Cal.App.4th 1157 ................................................................................... 16

6

7

*Anderson v. Mt. Clemens Pottery Co.,*
   328 U.S. 680 (1946) ................................................................................................. 16

8

*Churchill Vill., L.L.C. v. GE,*
   361 F.3d 566 (9th Cir. 2004) ................................................................................... 17

9

*Collins v. Cargill Meat Solutions Corp.,*
   274 F.R.D. 294 (E.D. Cal. 2011) ............................................................................... 9

10

11

*Eisen v. Carlisle & Jacquelin,*
   417 U.S. 156 (1974) ............................................................................................ 17,18

12

13

*Hanlon v. Chrysler Corp.,*
   150 F.3d 1011 (9th Cir. 1998) ............................................................................. 9, 17

14

*Harris v. Vector Mktg. Corp.,*
   No. C-08-5198 EMC, 2011 WL 1627973 (N.D. Cal. Apr. 29, 2011) ...................... 14

15

16

*In re Heritage Bond Litig.,*
   546 F.3d 667 (9th Cir. 2009) ..................................................................................... 9

17

*In re Tableware Antitrust Litig.,*
   484 F. Supp. 2d 1078 (N.D. Cal. 2007) ................................................................... 14

18

19

*In re Wells Fargo Loan Processor Overtime Pay Litig.,*
   2011 WL 3352460 (N.D. Cal. Aug. 2, 2011) ........................................................... 17

20

*Lindow v. United States,*
   738 F.2d 1057 (9th Cir. 1984) ................................................................................. 16

21

22

*Mendoza v. United States,*
   623 F.2d 1338 (9th Cir. 1980) ................................................................................. 17

23

*Mullane v. Central Hanover Bank & Trust Co.,*
   339 U.S. 306 (1950) ................................................................................................. 18

24

25

*Officers for Justice v. Civil Serv. Comm'n of San Francisco,*
   688 F.2d 615 (9th Cir. 1982) ..................................................................................... 9

26

27

*Rodriguez v. West Publ'g Corp.,*
   563 F. 3d 948 (9th Cir. 2009) ...................................................................... 14, 16, 17

28

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

iii

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL

*Staton v. Boeing Co.,*
   327 F.3d 938 (9th Cir. 2003) ................................................................................................ 14

*Vasquez v. Coast Valley Roofing, Inc.,*
   670 F. Supp. 2d 1114 (E.D. Cal. 2009) ............................................................................... 14

*Willner v. Manpower Inc.,*
   (N.D. Cal. 2014) 35 F.Supp.3d 1116 .................................................................................. 16

## **Rules**

Federal Rule of Civil Procedure 23(e) .......................................................................................... 12

Federal Rule of Civil Procedure, Rule 30(b)(6) ............................................................................. 7

## **Statutes**

Lab. Code § 226(e)(1) ..................................................................................................................... 11

Labor Code § 203 .................................................................................................................... 12, 16

Labor Code § 226 .................................................................................................................... 7, 11

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL

**NOTICE OF MOTION**

TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on August 16, 2018 at 8:00 a.m., in Courtroom 12 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, plaintiff Dina Rae Richardson ("Plaintiff") will and hereby does move the Court for an order granting preliminary approval of the class action settlement with defendants Interstate Hotels & Resorts, Inc. and Interstate Management Company, LLC (collectively, "Interstate" or "Defendants").

This motion is made on the grounds that the proposed settlement is fair and reasonable and the Notice of Settlement fairly and adequately inform the Class Members of the terms of the proposed Settlement, their potential awards, their rights and responsibilities, and the consequences of the Settlement.

This motion is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Matthew J. Matern and all exhibits thereto, including the Stipulation of Class Action Settlement ("Stipulation"), the documents and records on file in this matter, and such additional arguments, authorities, evidence and other matters as may be presented at the hearing.

**RELIEF SOUGHT**

Plaintiff respectfully requests the Court issue an order:

1.     Granting preliminary approval of the class action settlement set forth in the Stipulation, a true and correct copy of which is attached to the Declaration of Matthew J. Matern as Exhibit A;

2.     Approving the Notice of Settlement, Information Sheet, and mailing envelope (collectively, the "Notice Packet"), true and correct copies of which are attached to the Stipulation as Exhibits 1-3;

3.     Setting a hearing on final approval of the class action settlement ("Final Approval Hearing"); and

4.     Appointing CPT Group, Inc. as the Settlement Administrator.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

1

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.       INTRODUCTION

This is certified wage and hour class action on behalf of three classes of persons who were employed by Defendants at the Sheraton Fisherman's Wharf hotel in San Francisco, California from September 23, 2012 through November 29, 2016 (the "Class Period").  On behalf of the certified classes, Plaintiff alleges claims for failure to authorize and permit rest periods, failure to pay minimum and overtime wages, failure to provide accurate itemized wage statements, and failure to pay all wages due upon separation.  The Stipulation provides for a non-reversionary settlement in the amount of $800,000.00.

As more fully discussed below, the proposed settlement is the product of arms-length negotiations during a settlement conference before a United States Magistrate Judge and was reached after substantial discovery and investigation. The settlement amount represents a substantial recovery for the Class Members, there is no claim requirement, and the release is limited to the certified claims. In sum, the proposed settlement is fair, reasonable and adequate and represents a significant recovery based on the claims alleged and the defenses thereto.

Finally, the proposed notice plan meets all requirements as to method and form, as the class notice, which is to be distributed by email and First Class Mail to the last known address of each Class Member, fairly apprises the Class Members of the terms of the proposed Settlement and their right to object and be heard.

## II.      STATEMENT OF FACTS

### A.       **The Parties**

Defendants operated the Sheraton Fisherman's Wharf hotel in San Francisco, California, during the Class Period. Declaration of Matthew J. Matern ("Matern Decl.") ¶ 3. Plaintiff was employed as a room attendant at the Sheraton Fisherman's Wharf from April 2, 1998 to August 31, 2015. Matern Decl. ¶ 4.

///

///

///

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

2

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL

### B.     Procedural History

On September 23, 2016, Plaintiff filed a putative wage and hour class action complaint against Defendants in San Francisco Superior Court, alleging causes of action for: (1) failure to provide required meal periods; (2) failure to provide required rest periods; (3) failure to pay minimum wages; (4) failure to pay overtime wages; (5) failure to pay all wages due to discharged and quitting employees; (6) failure to furnish accurate itemized wage statements; (7) failure to indemnify employees for necessary expenditures incurred in discharge of duties; and (8) unfair and unlawful business practices. Matern Decl. ¶ 6. On November 22, 2016, Defendants answered the complaint. Id. The following day, Defendants removed this case to this Court under the Class Action Fairness Act. Dkt. 1.

On March 12, 2018, the Court entered an order certifying a Rest Break Class, an Off-the-Clock Class, and a Rounding Class. Dkt. 103.

On May 31, 2018, the Parties attended a settlement conference with Hon. Donna M. Ryu. Dkt. 115. At the conclusion of the settlement conference, Judge Ryu made a mediator's proposal which set forth the material terms of a proposed class action settlement. Id. On June 4, 2018, the Parties accepted the mediator's proposal, to be set out in a comprehensive written settlement agreement and subject to the approval of the Court. Dkt. 116.

### C.     Discovery And Investigation

Prior to filing the complaint, Plaintiff conducted an extensive investigation, including interviewing Plaintiff, reviewing documents provided by Plaintiff and other publicly-available documents, and conducting legal research regarding the applicable California Labor Code Sections and Industrial Welfare Commission Wage Order. Matern Decl. ¶ 12.

The Parties also engaged in significant discovery after the complaint was filed. Both sides propounded and responded to written discovery, including interrogatories, requests for admission, and requests for production of documents. Matern Decl. ¶ 13. Prior to certification, Defendants produced, among other documents, all relevant wage and hour policy documents, collective bargaining agreements, contact information for Class Members, and a sampling of the timekeeping and payroll records. Matern Decl. ¶ 15.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

3

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL

Plaintiff retained Dr. Richard Drogin, a well-respected expert statistician, to analyze the sample time and payroll records in order to evaluate violation rates and damages. Matern Decl. ¶ 16. Plaintiff also interviewed over 30 Class Members about their experiences working for Interstate, and obtained declarations from seven Class Members. Matern Decl. ¶ 17.

Plaintiff deposed Defendants' corporate designee pursuant to Federal Rule of Civil Procedure, Rule 30(b)(6), as well as the former General Manager and former Director of Human Resources at the Sheraton Fisherman's Wharf. Matern Decl. ¶ 20. Plaintiff also deposed 14 Class Members who provided declarations in connection with Defendants' opposition to the motion for class certification. Matern Decl. ¶ 24. In addition, Plaintiffs' counsel defended the depositions of Plaintiff and putative class members who provided declarations in support of Plaintiffs' motion for class certification. Matern Decl. ¶ 22.

Following certification, Defendants produced all time and payroll records for room attendants during the Class Period. Matern Decl. ¶ 26. Dr. Drogin analyzed these records in advance of the settlement conference. Id.

As a result of this discovery and investigation, Plaintiff was well-apprised of the salient legal and factual issues prior to the settlement conference and entering into the Stipulation. Matern Decl. ¶ 27.

**C.     Settlement Negotiations**

The Parties participated in a settlement conference before United States Magistrate Judge Donna M. Ryu on May 31, 2018. Matern Decl. ¶ 9, Dkt. 115. The settlement conference lasted all day but the Parties were unable to reach agreement. Matern Decl. ¶ 9. At the conclusion of the settlement conference, Judge Ryu issued a mediator's proposal which set forth the material terms of a proposed settlement which would fully resolve this matter. Matern Decl. ¶ 9; Dkt. 115. The Parties accepted the mediator's proposal on June 4, 2018, subject to entering into a more comprehensive written settlement agreement. Matern Decl. ¶ 5. The Stipulation was fully executed on July 11, 2018. Matern Decl. ¶ 10, Exh. A.

///

///

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

4

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL

## III.   THE SETTLEMENT

### A.   The Classes

The proposed settlement encompasses the three classes previously certified by the Court, which are defined as follows:

1.   <u>Rest Period Class:</u> All persons employed by Defendants as room attendants at the Sheraton Fisherman's Wharf in San Francisco, California, at any time during the Class Period, who worked at least one shift over 3.5 hours;

2.   <u>Off-the-Clock Class:</u> All persons employed by Defendants as room attendants at the Sheraton's Fisherman's Wharf in San Francisco, California at any time during the Class Period; and

3.   <u>Rounding Class:</u> all persons employed by Defendants as non-exempt employees at the Sheraton Fisherman's Wharf in San Francisco, California, at any time during the Class Period, who had their time punches rounded.

Dkt. 106; Stipulation ¶ 6.

### B.   Settlement Terms

Under the proposed Settlement, the claims of all Class Members shall be settled for the Maximum Settlement Amount of Eight Hundred Thousand Dollars ($800,000.00), which is inclusive of all Individual Settlement Awards to Class Members, the Class Counsel Award, the Class Representative Service Award, and the Employer's Share of Payroll Taxes. Stipulation ¶ 19.  The Maximum Settlement Amount shall be allocated as follows:

1.   <u>Individual Settlement Awards.</u> The Net Settlement Amount, which equals the Maximum Settlement Amount less the Class Counsel Award, the Class Representative Service Award, and the Employer's Share of Payroll Taxes, shall be distributed to Class Members. Stipulation ¶¶ 20, 47(a).[1] Each Class Member shall receive his/her respective share of the Net Settlement Amount based on his/her Compensable Workweeks. Stipulation ¶ 47(a)(i).

---

[1] Class Members are not required to submit a claim in order to receive a share of the Net Settlement Amount, and no portion of the Maximum Settlement Amount shall revert to Interstate or result in an unpaid residue.  Stipulation ¶ 47.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

5

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL

a.     The Net Settlement Amount shall be allocated as follows: 41.5% to the Room Attendant Class Members and 58.5% to the Non-Room Attendant Class Members. Stipulation ¶ 47(a)(i)(1).[2]

b.     The Settlement Administrator shall divide the portion of the Net Settlement allocated to the Room Attendant Class Members by the number of Compensable Workweeks worked by all Room Attendant Class Members resulting in a value for each week worked by the Rest Period/Off-the-Clock Class Members during the Class Period ("Room Attendant Workweek Value"). The Settlement Administrator shall then multiply the number of Compensable Workweeks for each Room Attendant Class Member by the Room Attendant Workweek Value. Stipulation ¶ 47(a)(i)(2).

c.     The Settlement Administrator shall divide the portion of the Net Settlement Amount allocated to the Non-Room Attendant Class Members by the number of Compensable Workweeks worked by all Non-Room Attendant Class Members resulting in a value for each week worked by the Non-Room Attendant Class Members during the Class Period ("Non-Room Attendant Workweek Value"). The Settlement Administrator shall then multiply the number of Compensable Workweeks for each Non-Room Attendant Class Member by the Non-Room Attendant Workweek Value. Stipulation ¶ 47(a)(i)(3).[3]

2.     <u>Class Representative Service Award</u>.  Subject to Court approval, Plaintiff shall be paid a Class Representative Service Award not to exceed Five Thousand Dollars ($5,000.00) for her time and effort in bringing and presenting the Action and for releasing her Released Claims. Stipulation ¶ 47(b).

---

[2] The allocation between the Room Attendant Class Members and Non-Room Attendant Class Members was calculated based on the maximum potential damages attributable to each group of employees. Matern Decl. ¶ 32.

[3] If an Individual Settlement Payment check remains uncashed after One Hundred Eighty (180) days from issuance, the Settlement Administrator shall pay over the amount represented by the check, without the need to include interest, to the California Department of Industrial Relations Unclaimed Wages Fund, with the identity of the Participating Class Member to whom the funds belong. Stipulation ¶ 48(b)(i).

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

6

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL

3.     Class Counsel Award.  Subject to Court approval, Class Counsel shall be entitled to receive reasonable attorneys' fees in an amount to be determined by the Court, and an award of reasonable costs associated with Class Counsel's prosecution of the Action. Stipulation ¶ 47(c).[4]

4.     Employer's Share of Payroll Taxes.  The Employer's Share of Payroll Taxes, including, but not limited to FICA and FUTA, shall be paid from the Maximum Settlement Amount.  Stipulation ¶¶ 13, 19.[5]

5.     Settlement Administration Costs. The Settlement Administration Costs shall be paid by Defendants in addition to the Maximum Settlement Amount. Stipulation ¶ 47(e).

C.     **The Release**

Upon the Effective Date, Plaintiff and other Class Members shall release and discharge the Released Parties from "all claims, demands, rights, liabilities and/or causes which were certified for class treatment, including claims for (1) failure to pay minimum wages (Labor Code §§ 1194, 1197; 8 Cal. Code Reg. § 11050(4)); (2) failure to pay overtime wages (Labor Code §§ 510, 1194, 1198; 8 Cal. Code Reg. § 11050(3)); (3) failure to pay all wages due to discharged and quitting employees (Labor Code §§ 201, 202, 203); (4) failure to furnish accurate itemized wage statements (Labor Code § 226); (5) unfair and unlawful business practices (Business & Professions Code § 17200, et seq.); and, for Room Attendant Class Members only, (6) failure to provide rest periods (Labor Code § 226.7; 8 Cal. Code Reg. § 11050(12)), and which arose during the Class Period." Stipulation ¶ 28.

The "Released Parties" means (i) Defendants Interstate Hotels & Resorts, Inc. and Interstate Hotels, LLC, (ii) their past, present and future subsidiaries, parents, affiliated and related companies, divisions, successors, predecessors or assigns, and (iii) their past, present, and future officers, directors, shareholders, partners, agents, insurers, employee, advisors,

---

[4] Class Counsel intends to seek attorneys' fees representing one-third of the Maximum Settlement Amount and will submit itemized billing statements and a detailed summary of its litigation costs and expenses in connection with its Motion for Attorneys' Fees.

[5] Individual Settlement Awards shall be allocated one-third as wages and two-thirds as non-wage penalties and interest. Stipulation ¶ 47(a)(iii).

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

7

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL

1    accountants, representatives, trustees, heirs, executors, administrators, predecessors, successors or

2    assigns of any of the foregoing. Stipulation ¶ 29.

3        **D.    Class Notice**

4        Pursuant to the terms of the Stipulation, sufficient notice will be provided that will fully

5    apprise Class Members of the terms of the Settlement.  Within fourteen (14) business days of

6    entry of the Preliminary Approval Order, Interstate shall provide the Settlement Administrator

7    with the Class Information, including the Class Members' names, last known mailing and email

8    address; Social Security Number, and Compensable Workweeks, for purposes of mailing the

9    Notice Packets to Class Members. Stipulation ¶¶ 5, 46(a). Upon receipt of the Class Information,

10   the Settlement Administrator shall perform an update using the National Change of Address

11   Database maintained by the United States Postal Service and correct any known or identifiable

12   address changes. Stipulation ¶ 46(a)(i). Within fourteen (14) days after receiving the Class

13   Information from Interstate, the Settlement Administrator shall email and mail via regular First

14   Class U.S. Mail copies of the Notice Packet, in English, Spanish, Cantonese and Tagalog, to all

15   Class Members. Stipulation ¶¶ 24, 46(a)(i)-(ii).

16       **1.    Notice To Class Members**

17       The Parties agree to the form of the Notice of Settlement and Information Sheet, subject to

18   the Court's approval. Stipulation, Exhs. 1, 2. The Information Sheet will provide Class Members

19   with an estimate of their Individual Settlement Award based on their Compensable Workweeks.

20   Stipulation, Exh. 2. Class Members will have the opportunity, should they disagree with

21   Interstate's records regarding the number of Compensable Workweeks they worked during the

22   Class Period, as stated on the Information Sheet, to provide documentation and/or an explanation

23   to show contrary information. Stipulation, Exh. 2.

24       **2.    Objections**

25       The Notice of Settlement informs Class Members of their right to object to the Settlement.

26   Stipulation ¶ 46(b). Class Members who wish to object must submit to the Settlement

27   Administrator a written brief or statement of objection ("Notice of Objection") by the Response

28   Deadline. *Id*. The Notice of Objection must: (1) state the full name, address, telephone number

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

8

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL

and last four digits of the Social Security Number of the Class Member; (2) state the grounds for the objection; (3) be signed by the Class Member; and (4) indicate whether the Class Member intends to appear at the Final Approval Hearing. Stipulation ¶ 46(c). Class Members who fail to object timely in the manner specified shall be deemed to have waived any objections and foreclosed from making any objections (whether by appeal or otherwise) to the Settlement. Id. Class Members who submit a timely Notice of Objection will have a right to appear at the Final Approval Hearing in order to have their objections heard by the Court. Id.

## IV.  THE SETTLEMENT MEETS THE REQUIREMENTS FOR PRELIMINARY APPROVAL

Pursuant to Federal Rule of Civil Procedure 23(e), "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. Proc. § 23(e). Before a court approves a settlement, it must conclude that the settlement is "fundamentally fair, adequate and reasonable." *In re Heritage Bond Litig.*, 546 F.3d 667, 674-75 (9th Cir. 2009). Generally, the district court's review of a class action settlement is "extremely limited." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). The court considers the settlement as a whole, rather than its components, and lacks authority to "delete, modify or substitute certain provision." *Id.* (quoting *Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 688 F.2d 615, 630 (9th Cir. 1982)).

At the preliminary approval stage, the court may grant preliminary approval of a settlement and direct notice to the class if the settlement: (1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to the class representative or segments of the class; and (4) falls within the range of possible approval. *See Alvarado v. Nederend*, 2011 WL 90228, *5 (E.D. Cal. Jan. 11, 2011) (granting preliminary approval of settlement in wage and hour class action); *Collins v. Cargill Meat Solutions Corp.*, 274 F.R.D. 294, 302-303 (E.D. Cal. 2011) (granting preliminary approval of settlement in wage and hour class action); Joseph M. McLaughlin, *McLaughlin on Class Actions: Law and Practice* § 6.6 (7th ed. 2011) ("Preliminary approval is an initial evaluation by the court of the fairness of the proposed settlement, including a determination

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

9

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL

that there are no obvious deficiencies such as indications of a collusive negotiation, unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys . . . .”). As each of these factors is met here, preliminary approval is appropriate.

A.     **The Maximum Settlement Amount Represents A Substantial Recovery For The Class Members**

The maximum potential recovery, including unpaid wages, interest and penalties, for the certified claims is $4,158,169.83, as calculated below. Matern Decl. ¶ 28. The $800,000 Maximum Settlement Amount represents nearly 20% of that amount. Id. The amount of unpaid wages exclusive of interest and penalties is $1,112,194.11, meaning the settlement represents almost 72% of that amount. Id.

This calculation of potential damages for Interstate's failure to provide rest breaks, failure to pay minimum and overtime wages due to rounding and off-the-clock work, and derivative claims are derived from Plaintiff's expert's analysis of the time and payroll data provided by Interstate as well as information obtained from Plaintiff and other Class Members. Matern Decl. ¶ 29.

The Class Period of September 23, 2012, through November 29, 2016, represents 218 weeks. Class Members were paid every two weeks meaning there were 109 pay periods in the Class Period. Matern Decl. ¶ 30. According to the time and payroll records, room attendants worked a total of 54,052 shifts and 12,578 employee workweeks. Matern Decl. ¶ 30. Of the 54,052 shifts, 54,006 shifts were longer than 3.5 hours. Id.. The average hourly rate for room attendants during the class period was $20.76, and the average hourly rate for all non-exempt employees was $22.69. Id..

1.     **Unpaid Wages**

Rest Break Violations.  Based on information provided by Plaintiff and other room attendants, Plaintiff estimated an 80% violation rate. Thus, Plaintiff calculated Interstate's potential liability for rest break violations as follows (Matern Decl. ¶ 31):

54,006 (shifts greater than 3.5 hours) x .80 (violation rate) x $20.76 (average hourly rate) = $896,931.65

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

10

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL

Off-the-Clock Work.  Based on information provided by Plaintiff and other room attendants, Plaintiff estimated that, on average, room attendants worked approximately .25 hours per week off-the-clock. As room attendants typically worked 8-hour shifts, Plaintiff calculated damages for off-the-clock work time at an overtime rate, i.e., time-and-a-half. Thus, Plaintiff calculated potential damages as follows:

12,578 (workweeks) x .25 hours (average unpaid hours per week) x $31.14 (average overtime rate / $20.76 x 1.5) = $97,919.73

Rounding.  There were 806.67 underpaid hours in the sample data produced by Defendants.  Plaintiff extrapolated these hours as follows:

806.67 (underpaid hours in sample data) x 6.411 (109 pay periods in class period/17 pay periods in sample data) x $22.69 (average hourly rate) = $117,342.73

Total Unpaid Wages:  $1,112,194.11 ($896,931.65 + $97,919.73 + $117,342.73)

## 2.    Interest

Plaintiff calculated interest on the unpaid wages of $1,112,194.11 at the rate of 10% per annum, resulting in potential interest, if Plaintiff was successful on each of the underlying claims, in the amount of $340,015.72.

## 3.    Penalties

Labor Code § 226.  For its failure to provide accurate itemized wage statements, Interstate is subject to a civil penalty in the amount of $50.00 for the initial pay period where a violation occurs and $100.00 per employee for violations in subsequent pay periods, but not exceeding an aggregate penalty of $4,000.00.  Lab. Code §226(e)(1).  Plaintiff calculated Section 226 penalties at approximately $800,000.00.

Labor Code § 203.   For failure to pay all earned and unpaid wages to discharged and quitting employees upon separation, Interstate is liable for waiting time penalties.  Under Labor Code § 203, the wages of discharged and quitting employees continue as a penalty from the due date at the same rate until paid for up to 30 days.  Plaintiff calculated Section 203 penalties as follows:

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

11

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL

350 (total number of former employees) x $22.69 (average hourly rate) x 8 hours per day

x 30 days = $1,905,960.00

As such, the proposed Settlement represents a substantial recovery for the Class Members.

**B.**       **The Settlement Was Reached After Informed, Arm's Length Negotiations And Mediation Conducted By A Magistrate Judge**

The Settlement was reached after a mediator's proposal which only came at the end of a full-day settlement conference before Magistrate Judge Ryu. Matern Decl. ¶ 9. Even then, the Parties did not agree to the proposal until several days later. *Id.* These circumstances are the antithesis of collusion and show that the settlement negotiations were arm's length and, although conducted in a professional manner, were adversarial. *Id.* The Parties went into the settlement conference willing to explore the potential for a settlement of the dispute, but Plaintiff submits that the record in this case shows that each side was committed and prepared to litigate its position through trial and appeal if a settlement had not been reached.  *Id.*

Plaintiff also conducted extensive investigation and discovery prior to the settlement conference.  Prior to filing the complaint, Plaintiff's counsel conducted an investigation into the claims alleged, including interviewing Plaintiff and other hotel employees, reviewing documents provided by Plaintiff and other publicly-available documents, and conducting legal research regarding the claims and potential defenses. Matern Decl. ¶ 12. After the Complaint was filed, Plaintiff's counsel served and responded to extensive written discovery, participated in numerous conferences with Defendants' counsel regarding the scope of discovery and other discovery issues, conducted a detailed evaluation of time records and payroll data provided by Defendants, which involved working closely with a highly-respected statistical expert regarding a statistical analysis of the time records, interviewed Class Members and obtained numerous declarations. Matern Decl. ¶¶ 13-16. Plaintiffs' counsel also took the depositions of Defendants' 30(b)(6) witness, two former corporate employees, one supervisor, and 18 Class Members and defended the depositions of Plaintiff and  Class Members. Matern Decl. ¶¶ 19-24.  Based on the information and record developed through extensive investigation and discovery, Plaintiff's

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

12

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL

1    counsel was able to act intelligently and effectively in negotiating the proposed Settlement.

2    Matern Decl. ¶ 27.

3            C.      **The Settlement Does Not Suffer From Any Obvious Deficiencies**

4            The second factor the Court considers is whether there are obvious deficiencies in the

5    settlement. Under the terms of the Settlement, Interstate will pay $800,000.00 to resolve this

6    Action. This is a substantial recovery for the Class Members, which takes into consideration the

7    significant risks of proceeding with the litigation, including the risks of maintaining class

8    certification, establishing liability and proving damages, as discussed further below. When the

9    risks of litigation, the uncertainties involved in maintaining class certification, the burdens of

10   proof necessary to establish liability, and the probability of appeal of a favorable judgment are

11   balanced against the merits of Plaintiff's claims, it is clear that the settlement amount is fair,

12   adequate, and reasonable and that there no deficiencies in the proposed Settlement. Matern Decl.

13   ¶ 39.

14           D.      **The Settlement Does Not Provide Preferential Treatment To Plaintiff Or Any**

15                   **Class Member**

16           Under the third factor, the Court examines whether the proposed settlement provides

17   preferential treatment to any class member.  The settlement provides equal relief to all Class

18   Members within each class and the distribution to each Class Member – including Plaintiff – is

19   calculated in the same way as to each Class Member within each class.  All Class Members are

20   entitled to a pro rata share of the Maximum Settlement Amount based on the number of

21   Compensable Workweeks that they worked during the Class Period.  Stipulation ¶ 48(a)(i).

22           Subject to Court approval, the Settlement provides for a service award to Plaintiff in an

23   amount not to exceed $5,000.00.  Stipulation ¶ 48(d).  This modest payment is for the substantial

24   risk assumed by and the services undertaken by Plaintiff, as well as the substantial benefit

25   conferred on the class as a result of Plaintiff's efforts. The Ninth Circuit has recognized that

26   service awards to named plaintiffs in a class action are permissible and do not render a settlement

27   unfair or unreasonable. *See Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003); *Rodriguez v.*

28   *West Publ'g Corp.*, 563 F. 3d 948, 958-69 (9th Cir. 2009) (finding that the payment of a service

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

13

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL

award is "fairly typical in class actions."). Finally, the Court will ultimately determine whether Plaintiff is entitled to the requested service award based on the reasonableness of the amount requested in ruling on Plaintiff's Motion for Final Approval, in which Plaintiff will submit a declaration outlining the efforts expended and risks taken on behalf of the Class Members. *See Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2011 WL 1627973, *9 (N.D. Cal. Apr. 29, 2011). Thus, the absence of any preferential treatment supports preliminary approval.

**E.      The Settlement Falls Within The Range Of Possible Approval**

Finally, the Court must consider whether the settlement falls within the range of possible approval. "To evaluate the range of possible approval criterion, which focuses on substantive fairness and adequacy, courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer." *Vasquez v. Coast Valley Roofing, Inc.*, 670 F. Supp. 2d 1114, 1125 (E.D. Cal. 2009) (citing *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007) (internal quotations omitted).

Class Counsel has calculated the maximum potential recovery to the Class Members to be approximately $4,158,169.83 should the case proceed to trial.  Matern Decl. ¶ 28. Defendants contest liability, as well as the propriety of certification, and would be expected to seek decertification and/or to defend against Plaintiff's claims if the action is not settled.  Matern Decl. ¶ 33. Given the maximum potential damages, as well as the risks entailed by this case, the $800,000.00 non-reversionary settlement sum is within the range of possible approval. *Id.*

First, proving liability is hardly certain. While Plaintiff contends that room attendants were pressured to forego their rest breaks and work off-the-clock due to the requirements imposed by Interstate, Interstate disputes this contention. Matern Decl. ¶ 34. Under the CBA, room attendants typically were assigned 14 rooms. Id. However, under circumstances, room attendants could drop rooms. Id. Additionally, Defendants contend that, even if room attendants were prevented from taking rest breaks, actual denied breaks were sporadic and minimal. Id. Defendants similarly contend that any off-the-clock work was minimal and that there is no evidence that management knew that room attendants were working off-the-clock.  Id.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

14

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL

Furthermore, given the lack of records for rest breaks and off-the-clock work, establishing damages would be difficult. Matern Decl. ¶ 35. As the Court noted in granting class certification, "answering the question of whether or not Interstate's policies and practices had the practical effect of pressuring room attendants to skip breaks may require analysis of granular data points." Dkt. 106, p. 5. While not sufficient to defeat class certification, the "analysis of granular data points" would be a difficult, expensive and time-consuming process. Matern Decl. ¶ 35. While Plaintiff maintains that both liability and the amounts of premium wages due for missed rest periods may be determined using representative sampling, any proposed methodology would be subject to attack by Defendants in ways that could limit any recovery. Id.

The Rounding Class would be vulnerable to similar challenges. While Plaintiff contends that Class Members were systematically undercompensated due to Interstate's rounding policy, Interstate contends its rounding policy is neutral on its face and in practice and thus complies with applicable law. Matern Decl. ¶ 36. Plaintiff's expert opined, "[f]or all 23,054 shifts, the rounding policy results in a net underpayment of 302.17 hours, which is 0.79 minutes of underpaid time per shift on the average." Dkt. 78-27, p. 4. Defendants contend this time is de minimis and therefore not compensable. Matern Decl. ¶ 36. The viability of the de minimis defense to California wage violations is the very issue which was certified to the California Supreme Court by the Ninth Circuit in *Troester v. Starbucks Corp.* (S234969) ("Does the federal Fair Labor Standard Act's de minimis doctrine, as stated in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 692 (1946) and *Lindow v. United States*, 738 F.2d 1057, 1063 (9th Cir. 1984), apply to claims for unpaid wages under California Labor Code sections 510, 1194, and 1197?").[6] The settlement recognizes and removes the risk for Plaintiff that nearly $100,000 in claimed unpaid wages would be wiped out along with a significant basis for the Labor Code sections 226 and 203 penalties.

Plaintiffs' claims for penalties under Labor Code sections 226 and 203 are derivative of the rest break, minimum wage, and overtime claims. Therefore, if relief was denied on the

---

[6]http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=2145799&doc_no=S234969&request_token=NiIwLSIkXkw4WzBZSCNNTE1IQDw0UDxTICNeIzxRICAgCg%3D%3D (accessed July 5, 2018).

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

15

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL

1   underlying claims, Plaintiff would recover no penalties under Labor Code section 226 and 203.

2   To prevail on these claims, Plaintiff also would have to establish that Defendants' violations were

3   "willful" and "knowing and intentional." Lab. Code §§ 203, 226(e)(1) & (e)(3); *see also Willner*

4   *v. Manpower Inc.* (N.D. Cal. 2014) 35 F.Supp.3d 1116, 1131; *Amaral v. Cintas Corp. No.2*

5   (2008) 163 Cal.App.4th 1157, 1203-04 (holding that the employer did not willfully fail to pay

6   wages under Labor Code § 203 even though the class prevailed on the merits on the underlying

7   claim for failing to pay living wages).

8        Additionally, it is currently unclear whether waiting time and wage statement penalties

9   can be recovered based on a failure to pay premium wages for meal and rest period violations.

10  *See Stewart v. San Luis Ambulance,* Cal. Supreme Court Case No. S246255 (one issue to be

11  decided is whether: "…violations of meal period regulations, which require payment of a

12  "premium wage" for each improper meal period, give rise to claims under sections 203 and 22[6]

13  of the California Labor Code where the employer does not include the premium wage in the

14  employee's pay or pay statements during the course of the violations?").

15       Finally, continued litigation would inevitably delay payment to the Class Members.  The

16  fact that a settlement will eliminate delay and further expenses strongly weighs in favor of

17  approval. *See Rodriguez*, 563 F.3d at 966.

18  **V.    THE COURT SHOULD APPROVE THE PROPOSED CLASS NOTICE**

19       Adequate notice is critical to court approval of a class settlement under Rule 23(e).

20  *Hanlon*, 150 F.3d at 1025. The threshold requirement concerning the sufficiency of class notice is

21  whether the means employed to distribute the notice is reasonably calculated to apprise the class

22  of the pendency of the action, of the proposed settlement, and of the class members' rights to opt

23  out or object. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-74 (1974). In this Circuit, notice

24  is satisfactory if it "generally describes the terms of the settlement in sufficient detail to alert

25  those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill.,*

26  *L.L.C. v. GE*, 361 F.3d 566, 575 (9th Cir. 2004) (citing *Mendoza v. United States*, 623 F.2d 1338,

27  1352 (9th Cir. 1980)).

28

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

16

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL

1   The Notice of Settlement satisfies these content requirements. The notice is written in

2   simple, straightforward language that, among other things, includes: (1) basic information about

3   the Action; (2) a description of the benefits provided by Settlement; (3) an explanation of how

4   Class Members can obtain benefits under the Settlement; (4) an explanation of how Class

5   Members can exercise their right to object to the Settlement; (5) an explanation that any claims

6   against Defendants that could have been litigated in this action will be released if the Class

7   Member does not request exclusion from the Settlement; (6) the names of Class Counsel and

8   information regarding the requested attorneys' fees and expenses and Plaintiff's service payment;

9   (7) the Final Approval Hearing date; (8) an explanation of eligibility for appearing at the Final

10   Approval Hearing; and (9) contact information to obtain additional information. *See* Stipulation,

11   Exh. A. As the Notice of Settlement provides Class Members with sufficient information to make

12   an informed and intelligent decision about the Settlement, it satisfies the content requirements of

13   Rule 23(e) and satisfies all due process requirements. *See In re Wells Fargo Loan Processor*

14   *Overtime Pay Litig.*, 2011 WL 3352460, at *4 (N.D. Cal. Aug. 2, 2011); *Rodriguez*, 563 F.3d at

15   963 (where class notice communicated the essentials of the proposed settlement in a sufficiently

16   balanced, accurate, and informative way, it satisfied due process concerns).

17   Additionally, the Settlement Administrator shall mail via regular First Class U.S. Mail

18   copies of the Notice Packet, in English, Spanish, Cantonese and Tagalog, to all Class Members

19   via regular First Class U.S. Mail.  Stipulation ¶¶ 24, 47(a)(i). Direct mail notice to Class

20   Members' last known addresses is the best notice possible under the circumstances. *See Mullane*

21   *v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 319 (1950); *Eisen v. Carlisle & Jacquelin*,

22   417 U.S. 156, 173-76 (1974). The Settlement Administrator also shall email copies of the Notice

23   Packet to all Class Members for whom Defendants have an email address, providing additional

24   notice to the Class Members. Stipulation ¶ 47(a)(ii).

25   In sum, the contents and plan for dissemination of the Notice Packet constitute the best

26   notice practicable under the circumstances and fully comply with the requirements of Rule 23.

27   ///

28   ///

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

17

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL

1

## VII.   CONCLUSION

2          For the reasons set forth above, Plaintiff respectfully requests that the Court: (1) grant

3  preliminary approval of the Settlement; (2) approve the content and plan for distribution of the

4  Notice Packet; and (3) schedule a Final Approval Hearing.

5

6  Dated:  July 11, 2018                          **MATERN LAW GROUP, PC**

7

8                                     By:    */s/ Matthew J. Matern*

9                                           MATTHEW J. MATERN
                                            LAUNA ADOLPH
10                                          KAYVON SABOURIAN
                                            Attorneys for Plaintiff
11                                          DINA RAE RICHARDSON, individually and on
                                            behalf of all others similarly situated

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

18

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL