IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINA RAE RICHARDSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERSTATE HOTELS & RESORTS, INC., a Delaware corporation; INTERSTATE MANAGEMENT COMPANY, LLC, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | No. C 16-06772-WHA<br><br>**ORDER RE ATTORNEY'S FEES AND COSTS** |

Class counsel seek attorney's fees in the amount of $266,666.67 from a total settlement of $800,000, as well as reimbursement for litigation expenses in the amount of $127,666.44. In light of the large percentage of attorney's fees counsel seeks to be awarded from the settlement amount (almost 40% of the total settlement once the requested expenses have been deducted), counsel need to further justify both their requested attorney's fees and their litigation expenses. While further justification would likely not be necessary in a settlement of this size had the percentage of attorney's fees been much a smaller percentage (such as 25%), 40% does require further justification.

The current documentation submitted with class counsel's motion for attorney's fees and expenses is inadequate because it does not enable the Court to determine whether or not such a high request is reasonable. For example, the declaration of Matthew J. Matern lists all individuals who billed time to this matter, their rates, and their sum total of hours spent on each categorical task but provide no additional information. Likewise, the declaration lists expenses

1  related to this litigation, for which class counsel now seek reimbursement, in addition to
2  attorney's fees, but without further detail.

3      Class counsel must provide an itemized accounting for unreimbursed expenses, such as
4  expenses currently listed as "Expert Services," "Employee Reimbursement," and "Court
5  Reporter." Within each category, each itemized expense must be listed, including date,
6  description, and cost. Professional fees may be broken down into separate categories if counsel
7  deems appropriate. The date, description, and cost for each expense incurred, such as the fee
8  paid to an expert to produce an expert report on a specific issue, must be listed for all
9  professional fees. A declaration including this information must be filed by **JANUARY 24** at
10 **NOON**.

11     Also by **JANUARY 24** at **NOON**, class counsel must file and serve a detailed declaration,
12 organized by discrete projects, breaking down all attorney and paralegal time sought to be
13 recovered. For each project, there must be a detailed description of the work, giving the date,
14 hours expended, attorney name, and task for each work entry, in chronological order. A
15 "project" means a deposition, a motion, a witness interview, and so forth. It does not mean
16 generalized statements like "trial preparation" or "attended trial." It includes discrete items like
17 "prepare supplemental trial brief on issue X." The following is an example of time collected by
18 a project.

PROJECT: ABC DEPOSITION (2 DAYS IN FRESNO)

| Date | Time-keeper | Description | Hours x | Rate = | Fee |
|---|---|---|---|---|---|
| 01-08-01 | XYZ | Assemble and photocopy exhibits for use in deposition. | 2.0 | $100 | $200 |
| 01-09-01 | RST | Review evidence and prepare to examine ABC at deposition. | 4.5 | $200 | $900 |
| 01-10-01 | XYZ | Research issue of work-product privilege asserted by deponent. | 1.5 | $100 | $150 |
| 01-11-01 | RST | Prepare for and take deposition. | 8.5 | $200 | $1700 |
| 01-12-01 | RST | Prepare for and take deposition. | 7.0 | $200 | $1400 |
| | Project Total: | | 23.5 | | $4350 |

All entries for a given project must be presented chronologically one after the other, *i.e.*, uninterrupted by other projects, so that the timeline for each project can be readily grasped. Entries can be rounded to the nearest quarter-hour and should be net of write-down for inefficiency or other cause. Please show the sub-totals for hours and fees per project, as in the example above, and show grand totals for all projects combined at the end. Include only entries for which compensation is sought, *i.e.*, after application of "billing judgment." For each project, the declaration must further state, in percentage terms, the proportion of the project directed at issues for which fees are awardable and must justify the percentage. This percentage should then be applied against the project total to isolate the recoverable portion (a step not shown in the example above).

A separate summary chart of total time and fees sought per individual timekeeper (not broken down by project) should also be shown at the end of the declaration. This cross-tabulation will help illuminate all timekeepers' respective workloads and roles in the overall case.

The declaration must also set forth (a) the qualifications, experience and role of each attorney or paralegal for whom fees are sought; (b) the normal rate ordinarily charged for each in the relevant time period; (c) how the rates were comparable to prevailing rates in the community for like-skilled professionals; and (d) proof that "billing judgment" was exercised.

3

On the latter point, as before, the declaration should describe adjustments made to eliminate duplication, excess, associate-turnover expense, and so forth. These adjustments need not be itemized but totals for the amount deleted per timekeeper should be stated. The declaration must identify the records used to compile the entries and, specifically, state whether and the extent to which the records were contemporaneous versus retroactively prepared. It must state the extent to which any entries include estimates (and what any estimates were based on). Estimates and/or use of retroactively-made records may or may not be allowed, depending on the facts and circumstances.

Ordinarily, no more than one attorney and one paralegal need be present at a deposition; more will normally be deemed excessive. Ordinarily, no more than one attorney need attend a law-and-motion hearing; more will normally be deemed excessive. To allow for symmetry, however, the award will take into account the staffing used by the opposing party.

**IT IS SO ORDERED.**

Dated: January 17, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE