UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINA RAE RICHARDSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INTERSTATE HOTELS & RESORTS, INC., a Delaware corporation; INTERSTATE MANAGEMENT COMPANY, LLC, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 16-cv-06772-WHA<br><br>[PROPOSED] JUDGMENT |

The Court, having considered all papers filed in connection with the Final Approval Hearing, including Plaintiff Dina Rae Richardson's ("Plaintiff") Motion for Final Approval of Class Action Settlement (Dkt. 130) and Motion for Attorneys' Fees and Costs (Dkt. No. 128), and any oral argument made at the Final Approval Hearing, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Judgment, adopts all defined terms as set forth in the Stipulation of Class Action Settlement ("Stipulation") filed in this Action.

2. The Court has jurisdiction over all claims asserted in the Action, Plaintiff, the Class Members, and defendants Interstate Hotels & Resorts, Inc. and Interstate Management Company, LLC ("Defendants").

3. The Class includes all members of one or more of the three classes previously certified by the Court, which are defined as follows:

    a. <u>Rest Period Class</u>: all persons employed by Defendants as room attendants at the Sheraton Fisherman's Wharf in San Francisco, California, at any time during the Class Period, who worked at least one shift over 3.5 hours;

    b. <u>Off-the-Clock Class</u>: all persons employed by Defendants as room attendants at the Sheraton's Fisherman's Wharf in San Francisco, California at any time during the Class Period; and

    c. <u>Rounding Class</u>: all persons employed by Defendants as non-exempt employees at the Sheraton Fisherman's Wharf in San Francisco, California, at any time during the Class Period, who had their time punches rounded.

4. The Court finds that the Settlement was made and entered into in good faith and hereby approves the Settlement as fair, adequate and reasonable to all Class Members.

5. Notice to Class Members, as set forth in the Stipulation, has been completed in conformity with the terms of the Stipulation and Preliminary Approval Order. The Court finds that said notice was the best notice practicable under the circumstances. The Notice Packets provided due and adequate notice to Class Members of the proceedings and of the matters set forth therein, including the terms of the Settlement and the manner by which objections to the

Settlement could be made and Class Members could opt out of the Settlement. Any Class Members who have not timely and validly requested exclusion from the Class are thus bound by this Judgment. The Notice Packets fully satisfied the Federal Rules of Civil Procedure, due process, and all other applicable laws.

6. The Court finds that no Class Members objected to the Settlement.

7. The Court finds that no Class Members submitted a Request for Exclusion.

8. Upon the Effective Date, Plaintiff and all other Participating Class Members, by operation of this Judgment, shall be deemed to have released the Released Parties from following Released Claims:

> All claims, demands, rights, liabilities and/or causes which were certified for class treatment, including claims for (1) failure to pay minimum wages (Labor Code §§ 1194, 1197; 8 Cal. Code Reg. § 11050(4)); (2) failure to pay overtime wages (Labor Code §§ 510, 1194, 1198; 8 Cal. Code Reg. § 11050(3)); (3) failure to pay all wages due to discharged and quitting employees (Labor Code §§ 201, 202, 203); (4) failure to furnish accurate itemized wage statements (Labor Code § 226); (5) unfair and unlawful business practices (Business & Professions Code § 17200, et seq.); and, for Room Attendant Class Members only, (6) failure to provide rest periods (Labor Code § 226.7; 8 Cal. Code Reg. § 11050(12)), and which arose during the Class Period.

9. The Court finds that the Maximum Settlement Amount, the Net Settlement Amount, and the methodology used to calculate and pay each Class Member's Individual Settlement Awards are fair and reasonable, and authorizes the Settlement Administrator to pay the Individual Settlement Awards to Class Members in accordance with the terms of the Stipulation.

10. Class Counsel shall be paid $200,000.00 as their attorneys' fees and $115,861.22 for reimbursement of costs and expenses from the Maximum Settlement Amount. Half of the attorneys' fees and costs award amount shall be paid immediately. The other half shall be paid when class counsel certify that all funds have been properly distributed and the file can be completely closed.

11. Plaintiff shall be paid a Class Representative Service Award in the amount of $2,000.00 from the Maximum Settlement Amount.

12. The Parties shall implement the Settlement according to its terms.

13. The Court reserves exclusive and continuing jurisdiction over the Action, Plaintiff, the Class Members, and Defendants for purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Settlement and this Judgment.

14. The Court hereby enters judgment for Plaintiff and the Class Members in accordance with the terms of the Stipulation, and this order is a final and appealable order.

15. If the Settlement does not become final and effective in accordance with its terms, this Judgment shall be rendered null and void and shall be vacated and, in such event, all related orders entered and all releases delivered in connection herewith also shall be rendered null and void.

**IT IS SO ORDERED.**

DATED: March 20, 2019

HON. WILLIAM H. ALSUP
U.S. DISTRICT COURT JUDGE

*(Seal: UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA — "IT IS SO ORDERED" — signed Judge William Alsup)*

Approved as to form and content:

Dated: March 19, 2019                **MATERN LAW GROUP, PC**

By:  /s/ Launa Adolph
MATTHEW J. MATERN
LAUNA ADOLPH
KAYVON SABOURIAN
Attorneys for Plaintiff
DINA RAE RICHARDSON, individually and on behalf of all others similarly situated

Dated: March 19, 2019                **MORGAN, LEWIS, & BOCKIUS LLP**

By:  /s/ Hien Nguyen
JASON S. MILLS
HIEN NGUYEN
ROBIN LAGORIO
Attorneys for Defendants
INTERSTATE HOTELS & RESORTS, INC. and
INTERSTATE MANAGEMENT COMPANY, LLC